UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. ___5:23-cv-102-BJB_____

CYNTHIA ERICKSON (A/K/A CINDY
ERICKSON AND CINDY ZANINOVICH),
DONATO TOMISLAV ZANINOVICH
AND CTE VENTURE II, LLC                                              PLAINTIFFS

V.

AIG PROPERTY CASUALTY COMPANY                         DEFENDANT
Serve: Corporation Service Company, Registered Agent
        421 West Main Street
        Frankfort, Kentucky 40601

---

COMPLAINT
(Electronically Filed)

---

COME NOW the Plaintiffs, Cynthia Erickson a/k/a Cindy Erickson and Cindy
Zaninovich ("collectively "Cindy"), and Donato Tomislav Zaninovich ("Tomi") and CTE
Venture II, LLC ("collectively, the Plaintiffs"), by counsel, and for their Complaint against
the Defendant, AIG Property Casualty Company, state as follows:

PARTIES

1.      Plaintiffs, Cynthia Erickson a/k/a Cindy Erickson and Cindy Zaninovich
("collectively "Cindy"), and Donato Tomislav Zaninovich ("Tomi") are all residents of and
have their principal place of residence located at 4101 Alameda Close, Paducah,
Kentucky 42001. Thus, they are citizens of the Commonwealth of Kentucky.

2.      Plaintiff, CTE Venture II, LLC is a limited liability company organized under
the laws of the Commonwealth of Kentucky with its principal place of business in
Paducah, Kentucky. CTE Venture II, LLC has one member, Cynthia Erickson a/k/a Cindy

Erickson and Cindy Zaninovich, via the Cynthia L. Erickson Revocable Trust of 1997, in which Ms. Erickson is the sole trustee. The trust situs is located in Kentucky, and Ms. Erickson is a citizen and resident of Kentucky. As such, CTE Venture II, LLC is a citizen of the Commonwealth of Kentucky.

3.      Defendant, AIG Property Casualty Company (hereafter "AIG Property"), is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in New York, New York. As such, AIG Property is a citizen of Illinois and New York.

4.      AIG Property is authorized to do business in the Commonwealth of Kentucky and can be served through its registered agent for service of process in Kentucky, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

<u>JURISDICTION AND VENUE</u>

5.      This Court has jurisdiction over the controversy pursuant to 28 U.S.C. §1332, as the Plaintiffs and Defendant are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

6.      This Court has personal jurisdiction over AIG Property by virtue of its transacting business in the Commonwealth of Kentucky.

7.      Venue is proper pursuant to 28 U.S.C. §1392(b)(2) because a substantial part of the events giving rise to the claim occurred within this judicial district.

<u>FACTS COMMON TO ALL COUNTS</u>

8.      Cindy Erickson and Tomi Zaninovich own a house located at 4101 Alameda Close, Paducah, Kentucky, that was insured by AIG Property under Policy Number PCG

0009858386.  See Exhibit 1 attached hereto.  CTE Venture II, LLC owned a house at 431 Estates Drive, Gilbertsville, Kentucky, that was insured under a Homeowners Location Extension in Policy 0009858386. *See* Exhibit 1 hereto. It was the real estate and improvements at 431 Estates Drive that were totally destroyed during an EF4 Tornado that occurred on December 10, 2021.

9.    AIG Property in May 2021 issued a renewal policy to Plaintiffs effective from July 1, 2021 to July 1, 2022 (hereafter "the Policy"), insuring the 4101 Alameda Close house and the 431 Estates Drive house.

10.    In 2022, AIG Property cancelled the insurance coverage under all policies issued to the Plaintiffs.

11.    Under the Policy, AIG Property agreed to insure the dwelling  at 431 Estates Drive, Gilbertsville, Kentucky for Guaranteed Rebuilding Cost of $1,650,602.00.

12.    In the Policy, AIG Property agreed to insure Other Permanent Structures at 431 Estates Drive for Guaranteed Rebuilding Cost of $487,423.00.

13.    On December 10, 2021, the house located at 431 Estates Drive, Gilbertsville, Kentucky 42044, and other permanent structures on the site, were damaged by an intense Tornado, rated as EF4 ("the Tornado") that resulted in damage to the structure of the house that required its total demolition and replacement and destroyed all other permanent structures on the property, including a garage and permanent boat dock on the property.

14.    The Tornado ultimately destroyed thousands of properties in Kentucky and killed hundreds of people as it ravaged Kentucky during the evening of December 10, 2021.

15.    In addition to the destruction of the house and other permanent structures on the 431 Estates Drive property, the Tornado destroyed trees and landscaping covered under the terms of the policy.

16.    AIG Private Client Group, the owner of AIG Property in December 2021, retained Rimkus Consulting Group, Inc. to inspect the property at 431 Estates Drive and those inspections were completed on December 15 and December 20, 2021.

17.    AIG Property produced a report dated January 26, 2022, compiled by their consultant, Rimkus Consulting Group, Inc., which reported that the house at 431 Estates Drive had sustained damage from the Tornado and that further evaluation on the cost of repair or replacement of damaged elements was needed.

18.    AIG Property, based on their consultant's report, advised counsel for the insured Plaintiffs on January 25, 2022, in an e-mail from its agent, Michael Gilligan, that AIG Property would only authorize destruction of the portion of the structure of the house at 431 Estates Drive, Gilbertsville, Kentucky, above the foundation.

19.    AIG Property made the decision that was communicated on January 25, 2022, to only approve paying for the destruction of the portion of the structure of the house at 431 Estates Drive, Gilbertsville, Kentucky, above the foundation, despite the fact that AIG Property knew or should have known that the foundation of the house at 431 Estates Drive, Gilbertsville, Kentucky, needed to be replaced as well.

20.    AIG Property's decision that was communicated on January 25, 2022, was false and misleading.

21.    On February 1, 2022, an agent of AIG Property, Mike Gilligan, sent counsel for Plaintiffs an estimate for replacement of the part of the house at 431 Estates Drive

above the foundation and other damaged permanent structures, Exhibit 2 attached hereto, that was represented to be to "rebuild the structures exactly the way they were pre-loss."

22.    The estimate sent on February 1, 2022, to counsel for Plaintiffs for reconstruction of the portion of the house above the foundation and other permanent structures at 431 Estates Drive was prepared by Young & Associates, 2692 Madison Road, Suite N1-354, Cincinnati, Ohio 45208, and was dated January 24, 2022.

23.    AIG Property retained the services of Young & Associates to inspect the property at 431 Estates Drive, and the January 24, 2022, report refers to an inspection completed on December 20, 2021.

24.    In January 2022, Young & Associates issued a report, estimating the total cost of replacing the house dwelling structure and other permanent structures which were set forth in Exhibit 2 hereto as follows:

a.  Structure            $ 1,261,813.40

b.  Detached Garage   $    119,401.49

c.  Other Structures   $          00.00

d.  Dock                $      141,511.17

    Total                $  1,522,726.06

25.    The agents and consultants retained by AIG Property as their agents, failed to fully inspect the residence at 431 Estates Drive and missed damage to the basement walls and foundation that justified the removal of the basement concrete walls and foundation of the house and complete reconstruction of the home and other permanent structures. This resulted in AIG Property communicating false and misleading information.

5

26.    Because of AIG Property's neglect, communication of false and misleading information, and acting otherwise in bad faith, the Plaintiffs had no other choice but to retain the services of David Lamb, an engineer, to inspect the damage to the house, basement, and foundation of the 431 Estates Drive house. Based upon structural damage to the basement wall and other information, the house was reported to be damaged beyond repair and the basement walls and foundation needed to be replaced.

27.    Because of AIG Property's multiple failures that are enumerated throughout this Complaint, the Plaintiffs had to engage David Lamb, incur his expenses, engage legal counsel to assist and otherwise spend significant sums of money to protect their rights.

28.    After Steve Webber, an agent and consultant retained by AIG Property from Rimkus Consulting Group, Inc., conducted an additional inspection of the house at 431 Estates Drive in March 2022, AIG Property in April 2022 approved the demolition of the entire house at 431 Estates Drive, including the basement and foundation elements of the house and concrete slab of the detached garage. This was after AIG Property failed to appropriately evaluate and adjust the Plaintiffs' insurance claims.

29.    On May 3, 2022, AIG Property, by and through its agent, Mike Gilligan, sent a revised estimate report from Young & Associates for the cost of reconstructing the dwelling and other permanent structures that had existed at 431 Estates Drive, Gilbertsville, Kentucky.

30.    In the report that was sent on May 3, 2022, Young & Associates stated the date of the report as February 7, 2022, and the report, Exhibit 3 attached hereto, stated that the replacement cost of the dwelling structure and other permanent structures on the property was as follows:

|   |   |   |
|---|---|---|
| a. Structure | $ | 1,342,875.79 |
| b. Detached Garage | $ | 141,769.46 |
| c. Other Structures | $ | 85,695.90 |
| d. Dock | $ | 141,511.17 |
| Total | $ | 1,711,852.32 |

31.      In May, 2022, AIG Property ultimately tendered a check to the Plaintiffs in the amount of $1,711,852.32, but it was noted on the check that the sum of $1,711,852.32 was a "FINAL" payment.  *See* the check that is attached as Exhibit 4.

32.      The replacement cost estimates of Young & Associates provided in January and May of 2022 were for less than the amount of Guaranteed Rebuilding Cost under the Policy for the dwelling and other permanent structures of $2,138,025.00. *See* Exhibit 1 hereto.

33.       In 2022, representatives of Plaintiffs sent information to AIG Property documenting the materials used in the construction of an addition to and remodeling of the 431 Estates Drive house from 2017 to 2019 that included the cost of the materials and information confirming the quality of the materials in the house.

34.      Plaintiffs' cost for building an addition to and remodeling the residence at 431 Estates Drive in the project that extended from March 2017 to March 2019 was $1,184,497.26.

35.      AIG Property employees in 2016 calculated the Guaranteed Rebuilding Cost of the residence at 431 Estates Drive to be $456,768.00 and Other Permanent Structures to be $169,173.00.  See Exhibit 5 attached hereto.

7

36.    AIG Property employees in 2017 calculated the Guaranteed Rebuilding Cost of the residence at 431 Estates Drive to be $469,558.00 and Other Permanent Structures to be $173,910.00.  See Exhibit 6 attached hereto.

37.    AIG Property employees in 2018 calculated the Guaranteed Rebuilding Cost of the residence at 431 Estates Drive to be $490,688.00 and Other Permanent Structures to be $181,736.00.  See Exhibit 7 attached hereto.

38.    AIG Property employees in 2019 calculated the Guaranteed Rebuilding Cost of the residence at 431 Estates Drive to be $1,500,000.00 and Other Permanent Structures to be $442,950.00.  See Exhibit 8 attached hereto.

39.    AIG Property employees in 2020 calculated the Guaranteed Rebuilding Cost of the residence at 431 Estates Drive to be $1,573,500.00 and Other Permanent Structures to be $464,655.00.  See Exhibit 9 attached hereto.

40.    AIG Property employees in 2021 calculated the Guaranteed Rebuilding Cost of the residence at 431 Estates Drive to be $1,650,602.00 and Other Permanent Structures to be $487,423.00.  See Exhibit 10 attached hereto.

41.    AIG Property set the premiums paid by Plaintiffs for each annual premium paid from 2016 to 2021 based on the values of the residence and other permanent structures calculated by AIG Property employees as set forth in paragraphs 35 to 40 of this Complaint.

42.    Before October 20, 2022, representatives of Plaintiffs sent an estimate for rebuilding the house and other permanent structures at 431 Estates Drive, prepared by David Smith, a building contractor in Paducah, Kentucky, to representatives of AIG Property. The total estimate to replace the house and other permanent structures (other

than the permanent boat dock) with materials of like kind and quality was for $2,187,708.00. See Exhibit 11 attached hereto.

43.    In 2022, representatives of Plaintiffs sent an estimate from Nesbitt Docks to rebuild the permanent dock at the 431 Estates Drive residence for a total cost of $240,388.72. See Exhibit 12 attached hereto.

44.    Initially, AIG Property refused to authorize acceptance and payment of the Nesbitt Docks' proposal for replacement of the dock.

45.    However, AIG Property ultimately agreed to the cost of replacing the dock in the sum of $240,388.72.

46.    However, as of the date of the filing of this Complaint, AIG Property has not paid the sum of $240,388.72 that AIG Property previously agreed to pay for the replacement of the dock at the 431 Estates Drive residence.

47.    All the Young & Associates estimates for replacing the dwelling, detached garage, and boat dock have been for less than the amount of the Guaranteed Rebuilding Cost calculated by employees of AIG Property for the July 1, 2021 to July 1, 2022 policy period.

48.    On December 7, 2022, Plaintiffs submitted an additional demand to AIG Property for payment of the Guaranteed Rebuilding Cost policy limits stated on the declarations of the Policy for the dwelling and other permanent structures in the sum of $2,138,025.00, while retaining the contractual right to submit requests for payment of the full Guaranteed Rebuilding Cost coverage provided in the Policy after the reconstruction of the dwelling and other permanent structures is completed.

49.    On December 21, 2022, AIG Property rejected the Plaintiffs' demand for payment of the Policy limits for the values calculated by AIG Property employees in a letter from attorney Edward H. Stopher, a copy of which is attached as <u>Exhibit 13</u> hereto. AIG Property relied upon the estimate of Young & Associates in rejecting the demand of Plaintiffs for payment of the Policy limits for Guaranteed Rebuilding Cost, despite the fact that AIG Property either knew or should have known that the Young & Associates report was seriously misleading.

50.    In light of all that had occurred and the neglect that AIG Property had clearly shown, the Plaintiffs were forced to engage Kim Anderson PhD at GZA to assist. In a report dated March 28, 2023, Dr. Anderson clearly articulated the reasons why the cost of replacing the dwelling and other permanent structures exceeded the Guaranteed Rebuilding Cost coverage amount of $2,138,025.00 provided under the Policy issued by AIG Property. Again, the Plaintiffs demanded that AIG Property pay the policy limit of $2,138,025.00 and that Plaintiffs continue to have the benefit of their contractual right, that they paid for, to have the ability to recover the full Guaranteed Rebuilding Cost Coverage, in the event the cost to rebuild the house and other permanent structures exceeds the stated amount of the policy coverage of $2,138,025.00.

51.    On May 19, 2023, the attorney for AIG Property, Edward Stopher, Esq., sent a letter to counsel for Plaintiffs confirming an offer on behalf of AIG Property in which the insurer offered Plaintiffs the sum of $2,246,996.12 for a release of any and all claims under the Policy and explicitly conditioned the offer on the requirement that Plaintiffs release all other coverage provided under the insurance policy, including the contractual right to be paid the full reconstruction cost of the dwelling and other permanent structures.

52.    The letter of May 19, 2023, from counsel for AIG Property, failed to address the information provided by Plaintiffs' consultant, Kim Anderson, in the report provided in March 2023.

53.    The letter of May 19, 2023, from counsel for AIG Property, incorrectly interpreted the estimate of David Smith prepared in July 2022 as including improvements to the residence and other permanent structures, as the estimate was based on using like kind and quality of materials and construction as existed prior to December 10, 2021.

54.    AIG Property has provided no facts to show that the estimate of Smith Builders, LLC, prepared by David Smith dated July 27, 2022, was not based on the cost of labor and similar materials to rebuild the residence at 431 Estates Drive as it existed on December 10, 2021, before the damage from the Tornado occurred.

55.    The letter of May 19, 2023, from counsel for AIG Property provided no basis in fact or law for the demand of AIG Property that Plaintiffs be required to forego the right to the full Guaranteed Rebuilding Cost coverage provided by the Policy issued by AIG Property to the Plaintiffs in the event the cost of rebuilding the residence exceeds the amount of the values calculated by AIG Property employees and used for setting the premium for the Policy in effect from July 1, 2021 to July 1, 2022.

56.    The estimates of Young & Associates relied on by AIG Property are deficient in that the estimates do not use building materials and components of equal kind and quality to those that existed in the dwelling at 431 Estates Drive on December 10, 2021, before the Tornado damaged the home, omit other items from coverage and incorrectly classify permanent structures to be landscaping.

57.    The estimates of Young & Associates do not include the additional cost for rebuilding the dwelling to current Kentucky Building Code requirements as provided under the contract of insurance issued by AIG Property to Plaintiffs.

COUNT I

BREACH OF CONTRACT

58.    All other allegations of the Complaint are incorporated by reference into this Count.

59.    Plaintiffs have paid all premiums charged by AIG Property for the Policy.

60.    Plaintiffs have not breached the terms of the Policy.

61.    Plaintiffs have provided information that proves the cost to rebuild the residence at 431 Estates Drive will exceed the amount of the Guaranteed Rebuilding Cost coverage established by AIG Property as stated in the Homeowners Location Extension Schedule of the Policy for the 2021-2022 term. See Exhibit 10  hereto.

62.    Plaintiffs have provided information that proves the cost to rebuild the residence at 431 Estates Drive will exceed the amount of the Guaranteed Rebuilding Cost coverage established by AIG Property and that Plaintiffs will be entitled to the benefit of the Guaranteed Replacement Cost coverage provided under the Policy as reconstruction of the residence progresses.

63.    Reconstruction of the boat dock at the 431 Estates Drive premises has started and progressed to an advanced stage of completion. Currently, the dock is being used only because Plaintiffs have used their own funds to pay for the work completed to date.

64.    Plaintiffs have not signed a Proof of Claim as the total amount of Plaintiffs' claim, while exceeding the basic Guaranteed Rebuilding Cost coverage of the Policy, cannot be resolved until the reconstruction of the house and all other permanent structures and landscaping at 431 Estates Drive have been completed.

65.    AIG Property has breached the Policy terms by failing to timely pay the Policy limits of $2,138,025.00 for the dwelling and other permanent structures at 431 Estates Drive to Plaintiffs after being provided with documentation that the cost to rebuild the residence with materials of similar quality will exceed the Guaranteed Rebuilding Cost coverage values stated in the Policy and that Plaintiffs will be entitled to payments in excess of the stated Policy Guaranteed Rebuilding Cost limits when the residence and all other permanent structures are completed.

66.    AIG Property has breached its agreement to pay the cost of replacing the boat dock at the 431 Estates Drive property by failing to pay the rebuilding cost of $240,388.72 within a reasonable time after agreeing to the cost of complete replacement of the boat dock.

67.    AIG Property has breached the implied covenant of good faith and fair dealing implied in all contracts under Kentucky law in failing to pay the Policy limits.

68.    Because of AIG Property's breach of the insurance contract, Plaintiffs have been damaged and Plaintiffs are entitled to payment of the Policy limits and pre-judgment interest on the Policy limits from at least December 7, 2022  until paid at the rate due on judgments under Kentucky law.

COUNT II

UNFAIR CLAIMS SETTLEMENT PRACTICES ACT CLAIM

Plaintiffs, for their Complaint against AIG Property for violation of the Kentucky Unfair Claims Settlement Practices Act, (hereafter "Kentucky UCSPA") KRS 304.12-230 state as follows:

69.     All other allegations of the Complaint are incorporated by reference in this Count.

70.     Plaintiffs, Cindy Erickson and Donato Tomislav Zaninovich, are residents of 4101 Alameda Close in Paducah, Kentucky, and are entitled to the protection of the Kentucky UCSPA provisions.

71.     AIG Property violated KRS 304.12-230(2) by failing to acknowledge and act promptly upon communications with respect to claims arising under insurance policies and by failing to pay the full Policy limits of $2,138,025.00 after information supporting the replacement cost exceeding the Policy limits was provided.

72.     AIG Property violated KRS 304.12-230(4) by refusing to pay claims without conducting a reasonable investigation based upon all available information when it ignored the information provided by Plaintiffs in the report of Kim Anderson that detailed the deficiencies of the Young & Associates reports and estimates.

73.     AIG Property violated KRS 304.12-230(6) by "not attempting in good faith to effectuate prompt, fair and equitable settlement" of the Plaintiffs' claim in which liability was reasonably clear.

74.     The report of Young & Associates does not provide reasonable information that the full replacement cost of reconstruction of the house and other permanent

structures at 431 Estates Drive will not exceed the Guaranteed Rebuilding Cost coverage limits of the Policy that were established by AIG Property employees.

75.    AIG Property violated KRS 304.12-230(13) by offering to pay an amount ($2,246,996.12)  that was not based on any explanation of the basis for the amount, while demanding Plaintiffs release their contractual right to  Guaranteed Rebuilding Cost coverage as provided in the insurance contract, which offer was made in order to influence settlements under other parts of the Policy.

76.    AIG Property violated KRS 304.12-230(13) by demanding that Plaintiffs release the contractual right to Guaranteed Rebuilding Cost coverage as provided in the Policy and accept an amount that is less than the full value of the cost of replacing the dwelling and other permanent structures that existed at 431 Estates Drive on December 10, 2021.

77.    AIG Property has violated multiple provisions of KRS 304.12-230 and, pursuant to K.R.S. 446.070, Plaintiffs are entitled to recover damages and attorney fees from AIG Property due to the statutory violations.

78.    Plaintiffs have experienced emotional distress because of the actions of AIG Property in failing to timely pay the Policy limits of the claim after liability was reasonably clear, and Plaintiffs are entitled to compensatory damages due to the actions of AIG Property.

79.    Plaintiffs are entitled to recover punitive damages from AIG Property for the breach of the UCSPA in the handling of Plaintiffs' claim for payment of the policy limits.

80.    Plaintiffs seek compensatory damages in excess of $75,000.00 from AIG Property due to the violations of the UCSPA.

81.     Plaintiffs seek punitive damages in excess of $75,000.00 from AIG Property due to the violations of the UCSPA.

## COUNT III

### PLAINTIFFS' CLAIM FOR COMMON LAW BAD FAITH AGAINST AIG PROPERTY AND CASUALTY

82.     All other allegations of the Complaint are incorporated by reference into this Count.

83.     AIG Property breached the covenant of good faith and fair dealing in the review and denial of Plaintiffs' claim for payment of the Guaranteed Rebuilding Cost coverage limits of the Policy, while retaining Plaintiffs' contractual right to full Replacement Cost coverage under the Policy and has acted in bad faith, thereby entitling Plaintiffs to recover compensatory and punitive damages for AIG Property's common law bad faith.

84.     Plaintiffs seek compensatory damages in a sum exceeding $75,000.00.

85.     Plaintiffs seek punitive damages in a sum exceeding $75,000.00.

## COUNT IV

### VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

86.     All other allegations of the Complaint are incorporated by reference into this Count.

87.     Plaintiffs are consumers as that term is used in the Kentucky Consumer Protection Act, KRS 367.110, et seq.

88.     As a matter of Kentucky law, the purchase of an insurance policy is a purchase of a "service" intended to be covered by the Consumer Protection Act.

89.    As a matter of Kentucky law, post-sale actions by an insurer which are unlawful and against public policy are covered by the Consumer Protection Act.

90.    AIG Property's sale of insurance policies to Plaintiffs are covered by the Kentucky Consumer Protection Act, Section KRS 367.170.

91.    AIG Property's actions were unfair, unconscionable, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

92.    AIG Property had specific knowledge of claims asserted by the Plaintiffs prior to the filing of this lawsuit.

93.    AIG Property had specific knowledge that it had issued an insurance policy which covers the Plaintiffs' claims prior to the filing of this lawsuit.

94.    AIG Property was provided access to the house at 431 Estates Drive and an opportunity for expert evaluation.

95.    AIG Property's experts have evaluated the house at 431 Estates Drive and have concluded that the cost to reconstruct the house is less than the basic coverage limits for Guaranteed Rebuilding Cost coverage of the Policy for the house as stated in Exhibit 1 hereto on the Homeowners Location Extension Schedule Page. See also Exhibits 2, 3 and 10 hereto.

96.    Plaintiffs have submitted documentation of the cost of the construction and remodeling of the house at 431 Estates Drive from 2017 to 2019 before the house was damaged on December 10, 2021.

97.    Plaintiffs have submitted documentation of the cost to reconstruct the house at 431 Estates Drive with materials of like kind and quality that exceeds the value of the coverage provided on the Policy Homeowners Location Extension Page.

98.    AIG Property has refused to pay the Guaranteed Rebuilding  Cost coverage limits stated in the Policy for the dwelling and other permanent structures that were located at 431 Estates Drive, Gilbertsville, Kentucky.

99.    AIG Property has offered to pay a sum  for a release of Plaintiffs' claims for the full coverage limits of the house/residence and other permanent structures without knowing the full cost of reconstruction of the dwelling and other structures, that is conditioned on Plaintiffs releasing their contractual right to full Guaranteed Rebuilding Cost coverage if the cost of reconstruction exceeds the Policy limits stated on the coverage schedule for the  431 Estates Drive dwelling and other permanent structures.

100.    AIG Property has failed to offer the compensation owed under the Policy to the Plaintiffs for their damages for the total destruction of the house and other permanent structures.

101.    AIG Property has failed to adjust the Plaintiffs' claims in good faith.

102.    AIG Property has acted in bad faith in the adjustment of the Plaintiffs' claim in that AIG Property had actual knowledge of the reasonable cost to reconstruct the house at 431 Estates Drive and, nonetheless, failed to promptly pay the claim of the Plaintiffs.

103.    AIG Property's actions were unfair, unconscionable, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

104.    Plaintiffs' purchase of the Policy from AIG Property was the purchase of services for personal, family and household purposes covered by the provisions of the Kentucky Consumer Protection Act, KRS 367.220(1).

105.    Plaintiffs have incurred attorney fees in submitting evidence to support their claim for payment of the Guaranteed Rebuilding Cost coverage limits while retaining their contractual right to full reimbursement for the cost of rebuilding the dwelling and other permanent structures at 431 Estates Drive, Gilbertsville, Kentucky, prior to the filing of this lawsuit.

106.    Plaintiffs, having paid attorney fees in trying to obtain the benefit of the Policy, have incurred a separate and ascertainable economic loss which entitles the Plaintiffs to recover compensatory and punitive damages from AIG Property.

107.    AIG Property has violated the Kentucky Consumer Protection Act, KRS 367.220(1) and, pursuant to KRS 446.070 and the KCPA, the Plaintiffs are entitled to recover damages from AIG Property, including their attorney fees and court costs incurred in seeking recovery of damages.

108.    Plaintiffs are entitled to an award of compensatory damages from AIG Property in excess of $75,000.00, due to AIG Property's violation of the Kentucky Consumer Protection Act.

109.    Plaintiffs are entitled to an award of punitive damages from AIG Property in excess of $75,000.00, due to AIG Property's violations of the Kentucky Consumer Protection Act.

110.    Plaintiffs request an award of damages, including punitive damages and attorneys' and expert fees, for AIG Property's bad faith, all in an amount exceeding $75,000.00.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    Judgment in favor of Plaintiffs and against AIG Property in the amount of the applicable limits of the Policy for the damages to the property at 431 Estates Drive, including the amounts in excess of the Policy limits for full Guaranteed Rebuilding Cost for the residence at 431 Estates Drive and other permanent structures;

B.    Judgment in favor of Plaintiffs and against AIG Property for compensatory damages, including for emotional distress, based on AIG Property's violations of the Unfair Claims Settlement Practices Act;

C.    Judgment in favor of Plaintiffs and against AIG Property finding that AIG Property acted in bad faith in its handling of Plaintiffs' claim;

D.    An award of punitive damages;

E.    An award of Plaintiffs' reasonable attorneys' fees, litigation expenses, expert costs, taxable costs, pre-judgment and post-judgment interest; and

F.    Any and all other relief that Plaintiffs may be entitled to receive based upon the proof.

RESPECTFULLY SUBMITTED, this the 25th day of July, 2023.

MILLER HAHN, PLLC

By: /s/ Bobby R. Miller, Jr.
     Bobby R. Miller, Jr., Esq.
     Van F. Sims, Esq.
     Lori J. Keen, Esq.
     2660 West Park Drive, Suite 2
     Paducah, KY 42001
     Telephone: (270) 554-0051
     Facsimile: (866) 578-2230
     Email: bmiller@millerlaw-firm.com
     Email: vsims@millerlaw-firm.com
     Email: lkeen@millerlaw-firm.com

Attorneys for Plaintiffs